IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

OZELL WARD, JR.,

      Plaintiff,

v.                                                    Case 2:15-cv-02499-JPM-cgc

DILLARD'S,

      Defendant.

---

REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE,
STAY THIS ACTION AND COMPEL ARBITRATION

---

Before the Court is Defendant's[1] Motion to Dismiss or, in the Alternative, Stay this Action and Compel Arbitration ("Motion"). The instant Motion was referred to the United States Magistrate Judge for Report and Recommendation.[2] For the reasons set forth herein, it is recommended that the Motion to Dismiss GRANTED but that Defendant's request for attorneys' fees and costs be DENIED.

---

[1] Defendant states that its company's correct name is Dillard Tennessee Operating Limited Partnership and that it was incorrectly sued as "Dillard's." (Def.'s Mot. to Dismiss at 1).

[2] The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

1

**I. Introduction**

On July 28, 2015, Plaintiff filed a *pro se* Complaint pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117, as amended by the ADA Amendments Act of 2008. (Compl. at 1). Plaintiff alleges that Defendant terminated his employment on the basis of his depression. (*Id*. at 4). On November 13, 2015, Defendant filed the instant Motion arguing that Plaintiff's case should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the sole claim in the Complaint is subject to an arbitration agreement between Plaintiff and Defendant. In the alternative, Defendant argues that this Court should compel arbitration of Plaintiff's claim pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, and stay this lawsuit until such time as arbitration has been conducted. Defendant also requests its costs and attorneys' fees associated with the filing of the Motion.

As exhibits to Defendant's Motion, it has filed the Declaration of Nanette Savage-Coley, Administrative Assistant to Defendant's Vice President and General Counsel, documents containing Defendant's arbitration policies, and Defendant's purported Agreement to Arbitrate Certain Claims.[3] Savage-Coley states that all employees are required to electronically execute an agreement to arbitrate on the company's intranet system and that this requirement is a condition of employment and continued employment. (Def.'s Mot. to Dismiss, Exh. 1 ("Savage-Coley Decl.") ¶¶ 4-5). Savage-Coley states that Defendant keeps records of its associates' electronically executed

---

[3] The signature appears to read "Ozell Ward, Jr." and is dated April 7, 2010. (Def.'s Mot. to Dismiss at Exh. 2). Savage-Coley states that it is Plaintiff's signed agreement (*Id*. ¶¶ 11-19); Plaintiff has not responded to contest that the signature is not his own.

arbitration agreements, including Plaintiff's, which Defendant also provided as support for their Motion. (*Id.* ¶¶ 11-18 & Exhs. 1-2).

Defendant's Rules of Arbitration provide that "the Company and the Associate agree that the procedures provided in these Rules will be the sole method used to resolve any dispute over Legal Claims arising between them." (*Id.* at Exh. 1 ¶ 1). Defendant's Rules of Arbitration further provide that they apply to "any Legal Claim," including but not limited to "[d]iscrimination or harassment on the basis of race, sex, religion, national origin, age, disability or other unlawful basis . . . ." (*Id.*)

Local Rule 12.1 provides that a party opposing a motion to dismiss must file a response within twenty-eight days after the motion is served. Plaintiff failed to file a timely response. On December 17, 2015, the Court issued an Order to Show Cause directing Plaintiff to respond within fourteen days of the entry of the Order as to why the Court should not consider the Motion on the record before it and enter a Report and Recommendation to the District Court that the Motion be granted. On December 31, 2015, Plaintiff filed a Response to Order to Show Cause stating that he does not have an attorney despite desiring to retain one and did not understand the Motion or know how to answer it. Plaintiff also states that he does not understand the "significance of arbitration." Plaintiff requested thirty additional days to obtain an attorney and file a response because doing so himself was beyond his abilities. Plaintiff did not file any additional Response within his requested thirty days and has not done so to date.

## II. Proposed Analysis

Section 3 of the FAA provides as follows:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration,

> the court in which such suit is pending, upon being satisfied that the issue involve in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. The Sixth Circuit has further held that, when all of the issues before the District Court are subject to arbitration, the district court may dismiss the action rather than stay the proceedings. *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) (concluding that, when all issues are subject to arbitration, "retaining jurisdiction and staying the action will serve no purpose"); *see also Lisa Fason v. Terminix*, No. 2:13-cv-2978-SHL-cgc, 2014 WL 4181593, at *5-*6 (W.D. Tenn. Aug. 20, 2014).

Section 4 of the FAA provides for a procedure if a party fails to arbitrate under an agreement. 9 U.S.C. § 4. A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement may petition the appropriate United States District Court for an order directing that such arbitration proceed in the manner provided for in such an agreement. *Id*. If the Court is satisfied "that the making of the agreement for arbitration or the failure to comply therewith is not an issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Id*. "If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof" and further proceed as set forth in Section 4 of the FAA. *Id*.

With respect to the Federal Rules of Civil Procedure, courts have disagreed as to whether a motion to compel arbitration should be brought pursuant to Rule 12(b)(1), Rule 12(b)(6), Rule 56, or is addressed under the FAA. *Nexteer Automotive Corp. v. Korea Delphi Automotive Sys. Corp.*, No. 13-CV-15189, 2014 WL 562264, at *4 (E.D.Mich. Feb. 13, 2014) (citing *Continental Cas. Co.*

*v. American Nat'l Ins. Co.*, 417 F.3d 727, 732 (7th Cir. 2005) (collecting cases)); *see also Fason* 2014 WL 4181593 at *5-*6. The Sixth Circuit has concluded that, when a party files a motion to dismiss or to compel arbitration, the party opposing arbitration "must show a genuine issue of material fact as to the validity of the agreement to arbitrate. The required showing mirrors that required to withstand summary judgment in a civil suit." *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (internal citations omitted). Given this standard, "[i]t appears proper for this court to consider matters outside the pleadings." *Nexteer*, 2014 WL 562264, at *5; *see also Fason* 2014 WL 4181593 at *5-*6.

The Sixth Circuit has identified four factors that a court should consider when addressing such a motion:

> First, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration.

*Glazer v. Lehman Brothers, Inc.*, 394 F.3d 444, 451 (6th Cir. 2005).

Turning to the instant Motion, under the Sixth Circuit's rubric and the FAA, the first inquiry is whether there is any genuine issue of material fact as to whether the parties agreed to arbitrate. As Plaintiff has not responded to the Motion, and as the evidence provided by Defendant supports its position that the parties did agree to arbitrate, the Court recommends that there is no genuine issue of material fact on this issue.

As to the second inquiry, the Court must determine the scope of the arbitration agreement. Defendant's Rules of Arbitration provided that "the Company and the Associate agree that the procedures provided in these Rules will be the sole method used to resolve any dispute over Legal

Claims arising between them." (*Id*. at Exh. 1 ¶ 1). Defendant's Rules of Arbitration further provide that they apply to "any Legal Claim," including but not limited to discrimination on the basis of disability as Plaintiff raises in this case. Thus, the Court recommends that there is no genuine issue of material fact on this issue.

As to the third inquiry, the Court must determined whether Congress intended that ADA claims be nonarbitrable. Neither party asserts that this is the case. In any event, the ADA contains the following provision:

> Where appropriate and to the extent authorized by law, the use of alternative means of dispute resolution, including settlement negotiations, conciliation, facilitation, mediation, factfinding, minitrials, and arbitration, is encouraged to resolve disputes arising under this chapter.

42 U.S.C. § 12212. The statutory text clearly demonstrates that Congress believed that ADA claims are amenable to arbitration. *See Floss v. Ryan's Family Steak Houses, Inc.*, 211 F.3d 306, 313 (6th Cir. 2000).

Further, in *Gilmer v. Interstate/Johnson Lane Corporation*, 500 U.S. 20 (1991), the United States Supreme Court permitted mandatory arbitration of Age Discrimination in Employment Act ("ADEA") claims, stating that by "agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." *Id*. at 26; *see also Kennedy v. Superior Printing*, 215 F.3d 650, 654 (6th Cir. 2000). The United States Supreme Court additionally concluded that arbitration agreements in employment contexts not exempted[4] under the FAA are generally valid. *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 11-124 (2001). The Sixth Circuit has likewise held that "disability

---

[4] The exemption clause, which is not applicable under the facts of this case, provides that the FAA shall not apply "to contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1.

6

discrimination claims" may be subject to mandatory arbitration as a condition of employment. *Mazera v. Varsity Ford Management Srvs., LLC*, 565 F.3d 997 (6th Cir. 2009). Thus, the Court recommends that Congress has intended ADA claims to be subject to arbitration agreements.

Finally, if Plaintiff had raised any other claims in addition to his ADA claim, the Court would proceed to consider the fourth inquiry. As he has not, the Court need not determine whether it should stay non-arbitrable claims pending arbitration.

Accordingly, as the Sixth Circuit has concluded that, when all of the issues before the District Court are subject to arbitration, the district court may dismiss the action rather than stay the proceedings, *see Green,* F.3d at 973 (6th Cir. 2000); *see also*, *Fason*, 2014 WL 4181593 at *5-*6, it is recommended that Defendant's Motion to Dismiss Plaintiff's ADA claim be GRANTED.

The sole issue remaining is that Defendant has requested that it be awarded its attorneys' fees and costs associated with the instant motion. Defendant has not provided any basis for this relief but has explained the steps it took in attempting to resolve the issue directly with Plaintiff prior to the filing of the Motion, which included asking Plaintiff to agree to arbitration without involving the Court and providing Plaintiff with a copy of the arbitration agreement. (Def.'s Mot. to Dismiss at 1 n.1). As of the time of filing the Motion, Plaintiff had not responded to Defendant's repeated requests to resolve the issue.

A review of the arbitration agreement does not address any attorneys' fees or costs associated with filing "an action in court to compel arbitration under this Agreement, to enforce an arbitration award, or to dismiss any lawsuit seeking to resolve disputes that are covered by this Agreement." (Def.'s Mot. to Dismiss, Exh. 1 at 8, Exh. 2 at 12). Under the American Rule, the prevailing party in litigation is generally not permitted to recover attorneys' fees and costs in the absence of

7

statutory or contractual authorization; however, federal courts, in the exercise of their equitable powers, may award attorneys' fees when the interests of justice so require. *Hall v. Cole*, 412 U.S. 1, 4-5 (1973). Such circumstances include when an opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Id*. at 5.

Upon review, the Court recommends that Plaintiff's act of filing a *pro se* ADA suit in this Court rather than abiding by the arbitration agreement did not demonstrate such a degree of bad faith or such a degree of motivation by vexatious, wanton, or oppressive reasons as to justify such an award absent contractual or statutory authority. While the Court agrees with Defendant that Plaintiff should have attempted to resolve this matter outside of Court and that Plaintiff's failure to obtain an attorney does not excuse doing so, the Court does not find Plaintiff's conduct in filing a federal claim, especially given his own statements that he was confused about the "significance of arbitration," is egregious enough to warrant an award of attorneys' fees and costs associated with the filing of the instant motion. Accordingly, it is recommended that this request be DENIED.

**DATED** this 23rd day of March, 2016.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**