**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| OZELL WARD, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-2499-JPM-cgc |
| | ) | |
| DILLARD'S, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION:**
**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING**
**DEFENDANT'S REQUEST FOR ATTORNEYS' FEES AND COSTS**

Before the Court is the Report and Recommendation of Magistrate Judge CHARMIANE G. CLAXTON (the "Report and Recommendation"), issued March 23, 2016 (ECF No. 15), recommending that the Court grant Defendant's November 13, 2015, Motion to Dismiss or, in the Alternative, Stay this Action and Compel Arbitration (ECF No. 7) but deny Defendant's request for attorneys' fees and costs. Plaintiff timely filed an objection on April 6, 2016. (ECF No. 16.) Defendant did not file an objection.

For the following reasons, the Court ADOPTS the Report and Recommendation, DISMISSES Plaintiff's Complaint, and DENIES Defendant's request for attorneys' fees and costs.

## I. BACKGROUND

On July 28, 2015, Plaintiff Ozell Ward, Jr. ("Plaintiff") filed a pro se Complaint against Defendant Dillard's[1] ("Defendant") for employment discrimination under the Americans with Disabilities Act ("ADA"). (ECF No. 1.) In his charge filed with the Equal Employment Opportunity Commission ("EEOC"),[2] Plaintiff alleges that while he was employed by Defendant, other employees revealed medical information about him, including that he had mental problems. (See ECF No. 1-1 at PageID 12.) Specifically, Plaintiff alleges that Joanne Celso and Stephen Willingham "told other Dillard[']s employees that [he] was in the hospital and revealed [his] medical condition[,] making for a hostile work site." (Id. at 1-2.) Plaintiff asserts that the Health Insurance Portability and Accountability Act ("HIPAA") violation minimized his authority and that he was later fired while he was on medical leave. (Id. at 2, PageID 12 ("None of the people on the floor would listen to anything I would ask of them").)

---

[1] Defendant states that it was incorrectly sued as "Dillard's" and that its actual company name is Dillard Tennessee Operating Limited Partnership. (ECF No. 7 at 1.)

[2] Although the EEOC Intake Questionnaire filed with Plaintiff's complaint is unsigned and thus unclear as to whether Plaintiff intended to file a charge with the EEOC (see ECF No. 1-1 at 4), the Court can assume a charge was actually filed based on the EEOC right-to-sue letter informing Plaintiff of the closing of the EEOC file on his charge (see id. at PageID 7).

On November 13, 2015, Defendant filed a motion to dismiss for lack of subject matter jurisdiction, asserting that the parties had agreed to arbitrate claims like Plaintiff's. (See ECF No. 7.) Defendant requests in the alternative to stay the case and compel arbitration and also requests costs and attorneys' fees related to the motion. (Id.) Defendant argues that Plaintiff executed and agreed to "Dillard's Rules of Arbitration and Agreement to Arbitrate Legal Claims." (Id. at 3; see ECF Nos. 7-3, 7-4.) Thus, Defendant argues, because the "Rules of Arbitration apply to any Legal Claim including, but not limited to . . . Legal Claims [for] Discrimination or harassment on the basis of . . . disability," Plaintiff's claim is within the scope of the arbitration agreement. (Id. at 3-4 (quoting ECF No. 7-3 at 1).)

Plaintiff did not respond to the motion to dismiss. On December 17, 2015, the magistrate judge ordered Plaintiff to show cause "as to why the Court should not consider the Motion on the record before it and enter a Report and Recommendation . . . that the Motion to Dismiss . . . be granted." (ECF No. 12.) On December 31, 2015, Plaintiff filed a timely response to the order to show cause. (ECF No. 14.) In his response, Plaintiff requested thirty additional days to respond to the motion to dismiss, as he asserted that he was trying to retain counsel. (Id. at 1.) Plaintiff then failed to file a response to the

motion to dismiss.  The magistrate judge entered a Report and
Recommendation on March 23, 2016.  (ECF No. 15.)  The magistrate
judge recommended that the Court grant Defendant's motion to
dismiss but deny Defendant's request for attorneys' fees and
costs.  (See id.)

Plaintiff filed a timely objection to the Report and
Recommendation on April 6, 2016, in which he requests that the
Court grant a stay and compel the parties to arbitration.  (See
ECF No. 16.)

## II.  LEGAL STANDARD

Pursuant to federal statute,

> [a] judge of the court shall make a de novo
> determination of those portions of the report or
> specified proposed findings or recommendations to
> which objection is made.  A judge of the court may
> accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate
> judge.  The judge may also receive further evidence or
> recommit the matter to the magistrate judge with
> instructions.

28 U.S.C. § 636(b)(1)(C); accord Fed. R. Civ. P. 72(b)(3).  The
portions of the Report and Recommendation to which no objections
were timely filed are reviewed for clear error.  See Fed. R.
Civ. P. 72 advisory committee notes.

Litigants are required to file specific and timely
objections to a magistrate judge's report and recommendation
under 28 U.S.C. § 636(b)(1)(C).  Slater v. Potter, 28 F. App'x
512, 513 (6th Cir. 2002) (citing Thomas v. Arn, 474 U.S. 140,

4

155 (1985)). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Id.; accord Thrower v. Montgomery, 50 F. App'x 262, 263 (6th Cir. 2002) ("[N]ot only must objections be timely, they must also be specific; an objection to the report in general is not sufficient and results in waiver of further review.").

## III. ANALYSIS

In his objection to the Report and Recommendation, Plaintiff requests that the Court order a stay and order both parties to arbitration. (ECF No. 16.) Plaintiff objects specifically to the finding that he did not attempt to arbitrate the dispute. (Id.) Plaintiff submits a confidentiality agreement from the EEOC which includes a provision that "[t]he parties agree to participate voluntarily in mediation." (ECF No. 16-1.) The agreement includes only Plaintiff's signature, and Plaintiff asserts that Defendant "never responded to the EEOC's request" and "broke [its] own arbitration agreement." (ECF No. 16.)

Whether or not Plaintiff attempted to arbitrate the dispute and whether or not Defendant failed to arbitrate has no bearing on the disposition of the case. The magistrate judge's finding that there are no non-arbitrable claims before the Court is not challenged in Plaintiff's objection. (See ECF No. 15 at 5-7

(determining that Plaintiff's ADA claim is subject to arbitration and Plaintiff has not raised any other claims).) As such, since all issues before the Court must be submitted to arbitration, "[t]he weight of authority clearly supports dismissal of the case." Green v. Ameritech Corp., 200 F.3d 967, 973 (6th Cir. 2000) (quoting Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992)). Thus, the Court need not stay the case and compel arbitration. Id. ("Given our ruling that all issues raised in this action are arbitrable and must be submitted to arbitration, retaining jurisdiction and staying the action will serve no purpose.").

Having reviewed the findings to which Plaintiff objected de novo and the remaining findings for clear error, the Court hereby ADOPTS the Report and Recommendation in its entirety. Accordingly, the Court ADOPTS the Magistrate Judge's Report and Recommendation, DISMISSES Plaintiff's Complaint, and DENIES Defendant's request for attorneys' fees and costs.

**IT IS SO ORDERED,** this 25th day of April, 2016.


/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE